UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANN ROUQUETTE                                    CIVIL ACTION

VERSUS                                           NO. 14–290

NORTH AMERICAN VAN LINES                         SECTION "H"(3)

ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 6). For the following reasons, the Motion is GRANTED IN PART. Plaintiff's state-law claims are DISMISSED WITH PREJUDICE, but her Carmack Amendment claim will remain pending.

BACKGROUND

Plaintiff hired Defendant to move her belongings from New York City to New Orleans, LA. On December 21, 2012, the moving truck transporting Plaintiff's possessions caught fire, damaging or destroying all of her property.

1

Plaintiff claims that she purchased insurance from Defendant that would have covered such a loss.  When she attempted to make a claim with Defendant, however, it denied selling her insurance and denied the claim for damages. Plaintiff filed the instant suit in state court, asserting several state-law claims. Defendant removed the suit to this Court and filed the instant Motion, alleging that Plaintiff's claims are completely preempted by federal law, that Plaintiff has not stated a claim under the applicable federal statute, and that Plaintiff's claims are time barred.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1]  A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[2]  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3]  The court need not, however, accept as true legal conclusions couched as factual allegations.[4]  If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[5]  The Court's review "is

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

[5] *Jones v. Bock,* 549 U.S. 199, 215 (2007).

2

limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[6]

## LAW AND ANALYSIS

Defendant asserts two distinct arguments in favor of dismissal: (1) that all of Plaintiff's state-law claims must be dismissed because they are preempted by federal law, and (2) that Plaintiff cannot state a claim for relief under federal law. The Court will address each issue in turn.

### I. Preemption

Defendant argues that all of Plaintiff's claims are preempted by the Carmack Amendment to the Interstate Commerce Act ("Carmack Amendment").[7] The Carmack Amendment provides a remedy to individuals who ship property in interstate commerce if that property is later lost or damaged by the carrier.[8] Courts have uniformly held that the Carmack Amendment preempts state law causes of action for the loss or damage of goods transported by common carrier in interstate commerce.[9] Plaintiff agrees that all of her state-law claims for damages related to the destruction of her property in the fire are

---

[6] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). All parties have submitted matters outside the pleadings. Rule 12(d) requires that the Court either exclude such matters or covert the motion into a Rule 56 motion for summary judgment. The Court elects to exclude the attached documents. Accordingly, the Motion will be evaluated under Rule 12.

[7] 49 U.S.C. § 14706.

[8] *Id.*

[9] *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003).

3

governed by the Carmack Amendment and expresses no opposition to the dismissal of those claims. As to her state-law claims for fraud and misrepresentation, Plaintiff argues that those claims do not pertain to the loss or damage of goods transported in interstate commerce and are therefore not preempted by the Carmack Amendment. Instead, she argues that they relate to a separate set of facts that occurred *after* her goods were destroyed in the fire. Specifically, Plaintiff alleges that she purchased insurance from Defendant that covered the loss at issue but that when she attempted to make a claim, Defendant fraudulently denied selling her insurance.

Defendant argues that, even accepting Plaintiff's fraud claim as true, it is nonetheless preempted by the Carmack Amendment. The Court agrees. The Fifth Circuit has consistently held that "the Carmack Amendment [provides] the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier."[10] The preemptive scope of the Carmack Amendment is "comprehensive enough to embrace responsibility for all losses resulting from *any failure* to discharge a carrier's duty as to *any part* of the agreed transportation."[11] "Indeed, the Fifth Circuit has rejected nearly all state-law claims regarding loss of or damage to goods in interstate ground shipping as preempted by the Amendment."[12] While the Fifth Circuit has imposed some limitations on the preemptive scope of the Carmack

---

[10] *Id.* (collecting cases).

[11] *Tran Enterprises, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1008 (5th Cir. 2010) (emphasis added).

[12] *Id.*

4

Amendment, those limitations have been reserved for extreme circumstances.[13]

The Supreme Court has explained that Congress, in enacting the Carmack Amendment, intended to replace a system in which carriers were subjected to inconsistent liability in different states with a uniform national rule.[14] Plaintiff's proposed interpretation of the Carmack Amendment would permit states to regulate the manner by which carriers handle claims that are governed by the Carmack Amendment.  Plaintiff has not cited to any case which reached such a result.  Indeed, at least one federal circuit has held that damages caused during the claims process fall within the Carmack Amendment's preemptive scope.[15] Furthermore, to hold that individual states may create differing standards governing the manner in which carriers treat Carmack Amendment claims would "defeat the purpose of the statute, which was to create uniformity out of disparity."[16] Therefore, the Court holds that Plaintiff's exclusive remedy is that provided by the Carmack Amendment and all of her state law claims are dismissed.

## II. The Carmack Amendment Claim

Defendant argues that Plaintiff's petition should be dismissed because it does not state a claim for relief under the Carmack Amendment.  Defendant further argues that the dismissal should be with prejudice because Plaintiff

---

[13] *See id.* at 1009 (suggesting that certain intentional harms such as an assault committed by an employee of the carrier, or the intentional theft of the shipper's property might fall outside of the Carmack Amendment's preemptive scope).

[14] *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06 (1912).

[15] *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir. 1997).

[16] *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 307 (5th Cir. 1993).

failed to provide timely notice of her claim to Defendant.

In order to state a claim for relief under the Carmack Amendment, Plaintiff must allege (1) that she delivered her goods to Defendant in good condition, (2) that the goods either were not delivered or were delivered in damaged condition, and (3) the amount of her damages.[17]  Plaintiff's petition satisfactorily alleges these elements.  Therefore, the Motion is denied as to the Carmack Amendment claim.

Defendants additionally argue that Plaintiff's claim should be dismissed with prejudice because she failed to provide timely notice of her claim to Defendant.  The Court disagrees.  There is a clear factual dispute as to the length of time Plaintiff had to submit her claim to Defendant and a dispute as to when that claim was submitted.  The Carmack Amendment provides that plaintiffs may file a claim for damages with the carrier within two years of the loss.[18]  It also permits carriers to shorten that period, by contract, to no less than nine months.[19] Defendant claims that it shortened the period to nine months but Plaintiff denies agreeing to any such limitation.  Plaintiff also claims that, in any event, she filed a claim less than nine months after Defendant notified her that her belongings were destroyed.  This is a factual dispute that the Court cannot resolve at this stage of the proceeding.  At this stage, the Court is bound to accept Plaintiff's factual allegations as true and draw all reasonable inferences

---

[17] *Accura Sys., Inc. v. Watkins Motor Lines, Inc.*, 98 F.3d 874, 877 (5th Cir. 1996).

[18] 49 U.S.C. § 14706.

[19] *Id.*

in her favor.[20]  Therefore, the Court declines Defendant's invitation to dismiss Plaintiff's claim with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is GRANTED IN PART. Plaintiff's state-law claims are DISMISSED WITH PREJUDICE, but her Carmack Amendment claim will remain pending.

New Orleans, Louisiana, this 14th day of October, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[20] *Lormand*, 565 F.3d at 232.